CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/30/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JANUARY CREWS-SANCHEZ, *Plaintiff,* v. FRITO-LAY, INC., *Defendant.* | CASE NO. 6:21-cv-00030 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

After this Court awarded summary judgment in favor of Defendant Frito-Lay, Inc., the company, as the prevailing party, filed a bill of costs seeking $9,293.95 from Plaintiff. Dkt. 42. Plaintiff appealed the adverse judgment and filed objections to the bill of costs. Dkt. 46. Frito-Lay responded to Plaintiff's objections. Dkt. 49.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule is "straightforward," codifying "a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013); *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) ("The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs.").

The decision whether to award costs "ultimately lies within the sound discretion of the district court." *Marx*, 568 U.S. at 377. The Fourth Circuit has explained that "where the district court feels that aberration from this general rule is appropriate, the court must justify its decision by articulating some good reason for doing so." *Teague*, 35 F.3d at 996 (internal quotation marks and citation omitted). Any reasons must be such that "there would be an element of

injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).

Plaintiff has not contested that Frito-Lay was the prevailing party, argued that any part of the $9,293.95 sought for transcript fees are not properly considered as taxable costs, or argued that the amount requested is excessive or otherwise not substantiated with proper documentation. *See* Dkt. 46. Rather, Plaintiff only cites two of those factors, "the unsuccessful party's inability to pay the costs," and "the closeness and difficulty of the issues decided," as weighing against the imposition of costs. *See id.* Neither argument is persuasive.

As to her inability to pay, significantly, Plaintiff does not assert that she is unable to pay the costs. Nor does she assert that paying the $9,293.95 would impose financial hardship. *See* Dkt. 46 at 1–2. Rather, Plaintiff has asserted that "she has been unemployed for an extensive period of time since her termination in July of 2020," that her termination has had "significant financial ripple effects," that she "remains unemployed," and her "financial outlook is grim." *Id.* However, her own documentation to support that "grim" financial picture shows that her current "annual earning capacity" is nearly $150,000. *Id.* at 2. The Court does not and need not doubt that Plaintiff's financial circumstances have deteriorated to an extent since she lost her position at Frito-Lay. But these arguments fall well short of demonstrating that the Court should decline to award presumptive costs because of her "inability to pay."

Plaintiff also argues that costs should not be awarded because of the "closeness and difficulty of the issues decided." *Id.* at 2–3. But Plaintiff does not elaborate any further. And the

Court is not inclined to develop arguments for a party that they have not felt necessary or appropriate to develop themselves. In any event, this Court concluded that an award of summary judgment was appropriate in this case, "indicating that the decision was not close or difficult" as would weigh against imposition of costs. *Spivey v. Mohawk ESV, Inc.*, No. 7:19-cv-670, 2022 WL 3643749, at *2 (W.D. Va. Aug. 24, 2022); *see also Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, No. 5:06-cv-160, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (similar). While Plaintiff raised four claims in her complaint and the case was resolved on a summary judgment record, the Court considers there was little difficulty presented in "sift[ing] through and organiz[ing] relevant evidence," and little "difficulty of discerning the law of the case," as could in other circumstances support denying costs. *See Spivey*, 2022 WL 3643749, at *2 (citation omitted). Plaintiff's proffered reasons to deny costs do not hold up to scrutiny. Finally, the Court notes that even if the case was close and difficult, that factor alone is not sufficient to deny costs. *Clehm v. BAE Sys. Ordnance Sys, Inc.*, No. 7:16-cv-12, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018) (Urbanski, C.J.).

Moreover, the Court notes that Frito-Lay's requested costs were not at all excessive given the discovery in the case; that Frito-Lay was conservative in its request that only sought one clearly covered category of costs (fees for transcripts necessarily obtained for use in the case); and that Frito-Lay supported its bill of costs with proper documentation that has not been contested by Plaintiff. *See* Dkt. 42.

Lastly, Plaintiff requests that an award of costs should be stayed pending Plaintiff's appeal in the matter. Dkt. 46 at 3. The Court has discretion to proceed with taxation of costs, or to defer ruling on assessment of costs after an appeal. *Clehm*, 2018 WL 3978995, at *1. But importantly, none of the factors potentially weighing against an imposition of costs is present here. And, on the other side of the coin, "there is good reason *not* to stay an award of costs in

3

this case," considering that, "[w]ith prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency," *id.* (quoting *Singleton v. Dep't of Corr. Educ.*, No. 1:03-cv-4, 2003 WL 22299039, at *2 (W.D. Va. Oct. 3, 2003)).

Accordingly, finding that Plaintiff has presented no good reason that would justify deviating from the general rule to award costs to the prevailing party, *Teague*, 35 F.3d at 996, the Court will overturn Plaintiff's objections to the bill of costs, and award costs to Frito-Lay as the prevailing party in the amount of $9,293.95.

The Clerk of Court is directed to send this Memorandum Opinion to counsel of record.

ENTERED this ___30th___ day of August, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE